No. 99.—Duncan McDougald, plaintiff in error, *vs.* William Dougherty, defendant in error.

[1.] The levy of an execution against A, upon property in the possession of B, is a trespass; and the plaintiff in execution, the attorney for the plaintiff in execution who orders the levy, and the officer who makes it, are all liable as trespassers, unless they justify by showing that the property belonged to the defendant in execution, and was liable to the execution.

Trespass, in Muscogee Superior Court.    Tried before Judge
IVERSON.    November Term, 1852.

William Dougherty, as an attorney, directed the Sheriff of
Muscogee County to levy a *fi. fa.* in favor of Edward T. Tay-
lor, administrator, &c. *vs.* M. Torrance, administrator, &c. of
Jas. C. Watson, deceased, on several lots of land, known as the
" Watson place," and in the possession of Duncan McDougald;
which levy was made by the Sheriff.    McDougald interposed
a claim thereto, which is still pending; and commenced a suit
against Wm. Dougherty, for a trespass, in causing the levy to
be made.

On the trial, the above facts were given in evidence, and
the further fact that Watson was in possession of these lands
a short time before his death.

When Mr. Dougherty arose to address the Jury, the Court
remarked that it was unnecessary, as the Court would charge
the Jury that there was no evidence to authorize a verdict against
the defendant; and that if he had asked for a non-suit, the
Court would have granted it.

The Court charged the Jury as intimated above; and to this
charge, and the previous remarks of the Court, exceptions were
filed, and error has been assigned thereon.

DEVON, for plaintiff in error.

W. DOUGHERTY, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The proof was, that an exection in favor of Edward T.
Taylor *vs.* M. Torrance, administrator of J. C. Watson, de-
ceased, was levied by direction of Mr. Dougherty, attorney for
the plaintiff, upon lands in the actual possession of the plaintiff
below, D. McDougald.

I see no room to doubt that Mr. Dougherty is liable as a
trespasser.    This levy was the misapplication of a legal pro-
cess.    It was a levy upon the lands of A, of a *fieri facias*

against B. The entry upon the lands to make the levy, was illegal, and an illegal entry is a trespass. In trespass, all are principals. The possession of the plaintiff was sufficient to authorize him to sue. The Sheriff who made the levy, the attorney who ordered it, and the plaintiff in the execution, are all trespassers. It was incumbent on the defendant to justify, by showing that the land belonged to the defendant in execution, and was liable. As the case stood, the plaintiff was entitled to a verdict—for what amount, is not for us to say. 1 *Chitty's Plead.* 185–6. *Sanderson vs. Baker et al.* 3 *Wils.* 309. *T. C.* 2. *Black. R.* 832. *Wale vs. Hall,* 1 *Bulst.* 149. 3 *Wils.* 368. *Co. Lit.* 57. (*n.*) *Inst.* 183. 1 *Salk.* 409. *Bro. Trespass, pl.* 148, 232, 307. 6 *T. R.* 234. 8 *East.* 328. 34 *Eng. C. Law. R.* 376, 415. 41 *Ibid,* 196, 330. 42 *Ibid,* 237, 404. 35 *Ibid,* 433. 46 *Ibid,* 827.

The Court gave no opinion on the facts. What he did was to pronounce what he considered the law arising on the facts proven.

Let the judgment be reversed.