### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA

## AT AMERICUS,

### JULY TERM, 1853.

Present—JOSEPH H. LUMPKIN, ⎫
        EUGENIUS A. NISBET. ⎬ Judges.
        EBENEZER STARNES.* ⎭

~~~~~~~~~~~~~

No. 57.—ZACHARIAH WALLACE *et al.* plaintiffs in error, *vs.* BENJ. J. HOLLY, defendant.

[1.] Sureties to a bond given by a Deputy Sheriff to his principal, may plead any thing which their principal could plead in denial of his liability on the bond, and their liability is commensurate with his.

[2.] It is not a trespass for a Sheriff to levy a mortgage *fi. fa.* upon the mortgaged property named in the process, in the possession of a third person and held by him adversely to the mortgagor—in such a case he has no discretion, but must levy at all events.

[3.] In a suit by a principal Sheriff on a bond given to him for indemnity by his Deputy, against the Deputy and his sureties, the sureties pleaded that the property named in the mortgage *fi. fa.* was in possession of a third person, and was held by him adversely to the mortgagor, and belonged to such third person ; and also, that the mortgage lien on the property had been superseded by general judgments against the mortgagor, in consequence of a failure to record the mortgage in time. Upon demurrer to the pleas: *Held,* that the Deputy Sheriff was liable for not levying, and for his default, the sureties were liable on the bond, the principal Sheriff having paid the amount of the *fi. fa.* on a judgment, on a rule against him.

---

*NOTE.—Judge STARNES, by Executive appointment, filled the vacancy of Judge WARNER resigned.—REP.

Debt, in Marion Superior Court.    Tried before Judge IVER-
SON, March Term, 1853.

Benjamin J. Holly, the Sheriff of Marion County, appoint-
ed Zachariah Wallace his Deputy, taking bond with security
from him, for the faithful discharge of his duties.   A mort-
gage *fi. fa.* in favor of Dowd & Wells *vs.* F. M. Collins, di-
recting the Sheriff to sell certain lands therein described, was
placed in the hands of Wallace to be executed, who, having
failed so to do, a rule was taken against Holly, the principal
Sheriff, to show cause why he should not pay over the amount
due on the *fi. fa.*   The return to this rule was made orally by
Wallace, or under his direction, he being present in Court, and
it being proven that Wallace admitted he had, by accident,
mislaid the *fi. fa.* until it was too late to levy and sell, the rule
was made absolute against Holly, and he was forced to pay
the amount of the value of the mortgaged property.

Holly then commenced suit against Wallace and his securi-
ties upon his bond.

The defendants pleaded, among other things—

1st. That at the time of the making of the mortgage by
Collins, he (Collins) had no title, claim or interest in the lands
he mortgaged, nor were they in his possession, or in the posses-
sion of any tenant of his; but were held, adversely, by a third
person to said Collins, at the time the mortgage *fi. fa.* was
placed in Wallace's hands.

2d. That the mortgage on which the *fi. fa.* was founded,
was not recorded within three months from its date; that af-
ter its execution, other creditors of Collins' obtained general
judgments against him, which were levied upon the lands so
mortgaged; that under this levy the land was sold, the pur-
chaser at which sale was in possession thereof at the time the
said mortgage *fi. fa.* came into the hands of Wallace; and
that no indemnity was tendered to Wallace by the plaintiffs in
said mortgage *fi. fa.*

On the trial at March Term, 1853, counsel for plaintiffs de-
murred to said pleas.

The Court sustained the demurrer, and to this decision counsel for defendant excepted.

JONES, BENNING & JONES, for plaintiff in error.

WORRILL, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

We do not see a hook to hang a reasonable doubt upon about this case.

[1.] There was a judgment for the money against the principal Sheriff, and when this cause was before us at Columbus, we held, that the *Deputy* was concluded by it, *because he was a party to it.* 10 *Ga. Rep.* 158. Whether he would have been concluded, had he not been a party, it is not necessary now to determine. The *sureties* are sued here, and the issues are made between them and the Sheriff. They pleaded that they are not liable, because it was no part of the official duty of their principal, the Deputy, to levy the execution, and this being true, that there was no breach of the bond. They pleaded, that the land named in the mortgage, and specified in the mortgage *fi. fa.* belonged, at the time when the mortgage was given, to a third person, and was held adversely to the defendant in the *fi. fa.* And farther, that the mortgage was not recorded until judgments were open against the mortgagor in favor of other persons, which took lien upon the land, higher than that of the mortgage, and if there had been a levy and sale, the mortgagee would not have been entitled to the proceeds of the sale; and, therefore, the *Deputy Sheriff* was not in default in not making the levy. The demurrer to the pleas admits their truth. We hold it competent for the *sureties* to plead any thing which their principal might plead, in his denial of liability on the bond.

[2.] Their liability is continuous with that of their principal. Their undertaking is to make good the official defaults of their principal. The question, then, is this: is a Sheriff liable for failing to levy a *mortgage fi. fa.* upon the mortgaged

property, because it belongs to a third person, and is in his possession, adversely to the mortgagor—or because the mortgage lien is superseded in consequence of a failure to record it ? We hold that he is. The strong ground of reliance on the part of the plaintiffs in error is, that the levy of an execution against A. upon property in possession of B. is a trespass, and the officer is not liable for failing to do what would, if done, subject him to liability as a trespasser. And the learned counsel fortifies himself in this position, with the decision of this Court, in *McDougald vs. Dougherty*, 12 *Ga. Rep.* 613.

That was the case of a *fi. fa.* founded on a general judgment against A. levied upon property in the possession of B. We held the *Sheriff a trespasser*. We held that it was the perversion of a legal process—that it was the right of the officer to judge of the fact whether property, not in possession of the defendant, was subject to the execution—that he must judge at his peril, and if he did levy, he must justify, and show that the property was the property of the defendant, in order to protect himself against damages. We have no fault to find with that ruling. It is the law, as settled for centuries, and which no lawyer can question, without loss to his professional reputation. But we do not see how it is possible for the counsel to entrench himself behind that case. This is a different case. A *general* judgment binds all the property of the defendant—it is a judgment *in personam*. It makes no specification of property. The process founded upon it, directs the officer to make the money out of the goods and chattels, lands and tenements of the defendant. It points out no property, but commands the officer to raise the money out of any that belongs to him. This is no authority to the officer to disturb the peace of the world by levying upon any man's property. As a rule of right and of policy, therefore, he is limited to property in the possession of the defendant, which is, *prima facie*, his. He cannot levy upon property in the possession of a third person, because, *prima facie*, it is not his. If he departs from this rule, and depart he may, it is at his own risk. If he does depart, he may ask for an indemnity, and if he departs upon

Wallace *et al. vs.* Holly.

the pointing out of the property by the plaintiff in execution, such pointing out raises an implied promise to indemnify.   In any event, so departing, he is a trespasser.   Not necessarily liable as such, for he may justify by showing that the property is subject to the *fi. fa.*   If he shows *that*, he has only complied with the requisitions of the process, and stands acquitted.   If he fails to show *that*, he has departed from the requirements of the process, and stands convict.   Such are the general principles upon which this Court proceeded, when deciding the case of McDougald and Dougherty.   The case now being considered, depends upon different facts and different principles.   This is the case of a *mortgage fi. fa.* founded upon a judgment of foreclosure.   Without controversy, it is true, that an officer is not a trespasser for levying a process, regular upon its face, issued to enforce a judgment rendered by a Court having jurisdiction of the subject-matter.   I cite no authority to sustain a proposition so familiar.   By *Statute, in Georgia,* the *Superior Courts* are clothed with jurisdiction over the foreclosure of *mortgages* upon real estate.   The Court had jurisdiction, then, in this case, the mortgage being upon land, over the land, the subject-matter.   Nor is it questioned that the process was regular—it points out the land, and directs the officer to levy upon and sell it, to pay the amount due on the mortgage, and costs.   It is not necessary, to sustain our judgment, to say, that a judgment of foreclosure is a judgment *in rem.*   It is certainly very like it.   It is not a general judgment, *in personam,* because it is binding only upon the property mortgaged; whilst it differs from a judgment *in rem,* in this, that the proceeding upon which it is founded, does not begin with a seizure of the property.   It is a judgment to enforce a specific lien, created by agreement of the parties.   It is not alone a judgment as to the amount due on the mortgage, but it is also a judgment *that the property mortgaged shall be sold to pay the sum adjudged to be due.*   The Statute authorizes, indeed requires, the judgment to go to that extent.   For when the money is not paid into Court, in pursu-

ance of the rule for foreclosure, the Statute declares, that the " Court shall give judgment for the amount which may be due on the mortgage, and order the property mortgaged to be sold in such manner as is prescribed in cases of execution." *Cobb's N. D.* 370, 371. The Court, therefore, by authority of the law, has jurisdiction over the debt, over the person of the mortgagor, and, also, *over the sale of the property.* Here, then, is a judgment which ascertains the amount due on the debt, and which orders the sale of the property, and that, too, by a levy; for the judgment is, that it be sold *as in case of executions.* In such cases the sale is preceded by a levy. Such is the jurisdiction, and such the judgment—in pursuance of the judgment, the process issues, commanding the officer to levy upon and sell the property, naming it specifically. Is he a trespasser if he obeys? It requires the aid of a lively imagination, or a theorizing intellect, to say that he is. What right of judgment or discretion has he? His duty is to levy the process, and the process commands him to levy upon and sell *the* property, designating it by full description. He is not directed to raise money, as in case of a general judgment, out of the property of the defendant, but to raise it out of *the property named.* This case is covered by this proposition, to wit: no man is a trespasser for doing an act which the law makes it his duty to do. *Callender vs. Marsh,* 1 *Pick. Rep.* 435. 14 *Mass. R.* 27. The law and the judgment of the Court which enforces it, and the process of the Court which enforces the judgment, require him to levy upon the mortgaged property.

[3.] If it be his duty, under the law, to do so, he is liable if he fails, and his sureties are bound for his default. It is no part of his duty to determine whether the property belongs to the mortgagor or not, or to determine whether or not the mortgage lien has been superseded by an omission to record it. We cannot allow the Sheriff to usurp the functions of the Court. This brings me to the consideration of two views of the case presented by the ingenious counsel for the plaintiff in error. And first, he says, that the judgment is not binding

Wallace *et al* *vs.* Holly.

upon the person in possession, for he was not before the Court. As to him, the Court had no jurisdiction. Assuming these things, he draws the inference, first, that he cannot be divested of his right to the property by any operation of the judgment; and second, that the officer had no right to make the levy. To which it is very easy to reply, and as conclusive as easy, that no jurisdiction is assumed over him, and that a levy upon his property does not divest his right to it. His title will still be protected. He can interpose his claim, or bring suit, and if the property is shown to be his, he will hold it, both against the judgment of foreclosure and the lien of the contract. So no inference can be drawn against the obligation of the officer to make the levy, from the assumption that the levy in this, or any like case, divests the title of a third person, not bound by the judgment. Again, he says, that the demurrer admits the fact, that this property is the property of a third person, and not the property of the defendant in execution, and it must, therefore, be a trespass to levy upon that property. We may concede that the record does, technically, admit these things, but what of that? We are not here invoked to determine the right of property between these parties, but to say what was the duty of the levying officer at the time when the law required him to levy. It may be true *now*, that this land does not belong to the mortgagor, but if it be so, it was equally *then* the duty of the officer to obey the process, leaving the future ascertainment and protection of the title to the Courts. The question of the Sheriff's duty, originated anterior to any admission on the record, and more than that, is not at all affected by such admission. The facts in the pleas being true, we are called upon to say, what is the judgment of the law upon those facts, as to his duty as a levying officer; and our opinion is, that he was bound to levy, and because he did not do so, he is bound to reimburse his principal, and his sureties are bound with him.

Judgment affirmed.