WILLIAM H. TURNER, JNO. T. HOWARD, and JAMES HENDER-SON, plaintiffs in error, vs. SAMUEL D. IRWIN, administrator de bonis non, defendant in error.

[1.] If the defendant in fi. fa. has removed his property, after judgment, from the county of his residence to another, it is ground for proceeding with the fi. fa. the same as if he is about to remove it, and the case comes fully within the spirit of the exception of the late Convention.

[2.] The plaintiff need make no affidavit to entitle him to have a levy made on the ground that the defendant is within the exception to the Ordinance.

[3.] The defendant may file an affidavit to arrest the fi. fa., if he desires to controvert the fact of his case falling within the exception to the Ordinance. He may bring an action of trespass for an illegal levy, but this is not the only remedy.

Illegality. In Terrell Superior Court. Decided by Judge CLARKE. September, 1866.

On the 20th January, 1866, Samuel D. Irwin made affidavit: That, as administrator de bonis non of Thomas J. Johnston, deceased, he controls two fi. fas. against the plaintiffs in error, who reside in Terrell county, where judgments were obtained; that thirty-five bales of cotton marked "S & T," subject to said fi. fas., have been removed from the county of Terrell, and are now stored in the warehouse of Hamlin J. Cook; and affiant has reasons to apprehend their sale or removal, unless the same are levied upon by said fi. fas.

Irwin pointed out the cotton, and the Sheriff of Dougherty county levied both fi. fas. upon it on the 25th January, 1866.

On the 2nd day of March, 1866, W. H. Turner interposed his affidavit of illegality on the grounds:

1-2. Because he was only security on the written obligation upon which judgments were obtained; that plaintiff (in fi. fa.) levied attachments on property enough of the principal to pay the debt; bond and security was taken for the forthcoming of the property attached, and suit is now pending on the bond. The effect of this is to discharge him as security, at least until the payers of the bond are sued to insolvency. While suit is pending on the bond, the plaintiff (defendant in error) cannot pursue his remedy against the affiant, the law not allowing two actions in the same Court at the same time between the same parties, founded on the same subject matter.

3. The lien having been fixed upon the property of the principal by the action of the plaintiff (defendant in error), cannot be discharged to the prejudice of the security.

4. The interference of the security on the bond aforesaid having operated to the prejudice of affiant without his agency, makes them first liable.

5. A levy on the property of the principal sufficient to satisfy the debt is a discharge as to the security, and property in this          for that purpose is still in the custody of the law, and must be subjected to the payment of the same.

6. Affiant was not within the exception of the Ordinance of the Convention so as to warrant a levy and sale of the property. He had merely carried it to Albany for storage in a warehouse; was not proposing to sell it at the time of the levy, nor had he before.

### Amended affidavit of Turner.

1. Under the facts stated in plaintiff's (defendant in error) affidavit, the levy upon said cotton was illegal.

2. It does not appear in the affidavit that affiant removed the cotton from Terrell county.

3. At the time of the levy, affiant had property in the county, unincumbered, subject to the fi. fas., and more than enough to pay them off.

4. The cotton was not removed to Albany for the purpose of avoiding the fi. fas., or in any wise to defraud plaintiff. It was not his intention to remove the cotton from Albany; it was placed there for storage.

At the hearing, counsel for plaintiff in error moved to dismiss the levies upon the ground that the affidavit of the plaintiff (in fi. fa.) was not in compliance with the provisions of the Ordinance of the State Convention re-enacting, the so-called stay law. This motion was overruled by the Court on the ground that the affidavit was in substantial compliance with the stay law. The Court also overruled the affidavit of illegality, and ordered the fi. fas. to proceed; and this ruling is alleged as error.

VASON & DAVIS and HOOD, for plaintiffs in error.

LYON & IRVIN, for defendant in error.

LUMPKIN, C. J.

[1.] On the first of November, 1865, the Convention passed an Ordinance to prevent the levy and sale of property of debtors, except in certain specified cases, among which was this: "Where the defendants are about to remove their property beyond the limits of any county in this State." Irvin's executions were levied 30th January, 1866, issuing on judgments dated 7th December, 1865—the plaintiff making affidavit that the property had been removed, since the rendition of the judgments, from Terrell county, where it was produced, to Cook's warehouse, in the city of Albany, and, as he had reason to apprehend, it would be removed from thence and sold.

This affidavit of the plaintiff, it will be perceived, is not required to be taken by him before he is entitled to levy. He acts upon his own judgment and responsibility. If the property is not subject, the defendant can bring trespass, or the debtor can file his affidavit of illegality, and have the

issue tried—I mean, of course, under the stay hindrance of the Convention. The plaintiff, however, made his affidavit as preliminary to the levy, and the defendant, after the passage of the stay law, amended his affidavit, inserting additional facts ; still, he admits the removal of the cotton from Terrell county, where there were depots and places of deposit for cotton, to Albany.

Upon the facts thus presented by the affidavit of the plaintiff and counter-affidavit of the defendant, the Court decided that the words of the stay Ordinance, to-wit, that the debtor " was about to remove his property without the limits of the county," were substantially complied with ; and that is the only question excepted to, and which we are called upon to review, the other questions being expressly waived in the argument.

We consider that the removal of the cotton, after the rendition of the judgments, under the facts and circumstances of this case, was such a removal, under the Ordinance, as entitled the plaintiff to make the levy; and the defendant, conceding the facts, instead of going before a jury, upon an affidavit of illegality, left the law of the case to be decided by the Court.

As the stay law was passed before the cotton was sold, the amended affidavit of the defendant was evidently intended to avail himself of its provisions, not, indeed, to insist on the constitutional competency of the Legislature to pass that law ; (that question is clearly not in the record, nor was it passed upon by the Court below,) but to take himself out of the exception provided by that Act. There is one fact as to putting himself under the stay law : the defendant did not give or offer to give the bond required by that Act, in order to suspend the sale. He is not, therefore, entitled to its benefit.

As to the constitutionality of the stay law, it is natural that the profession and the people should be anxious to know how the question will be decided by this Court. We again repeat, sufficient unto the day is the evil thereof. For my-

self, I should look upon it as a misfortune to decide it either way; still, when it comes, if come it must, we hope to meet it as best we may, unflinchingly, I hope, in the discharge of duty, considering, however, that the delay in the meantime subserves the best interest of the country, both as regards the creditor and debtor classes. How many claims have been compromised since this subject was first agitated? and this process is constantly going on. One propitious season would so far relieve our impoverished people as to allay much of the excitement that has hitherto agitated the country. More than four-fifths of a century have elapsed since the Constitution of the United States was adopted. In that time, there have been State decisions both for and against a *stay law*; and yet, strange to say, no appeal has been taken to the Supreme Court of the United States. That question has never, as yet, been directly met and adjudicated by that tribunal. It would ill-become us to step out of the way to decide it under such circumstances. At best, it would be but the individual opinion of the members of the Court, and not the judgment of the Court itself.

Judgment affirmed.