## BODEGA *et ux. vs.* PERKERSON.

[This case was argued at the last term and decision reserved.]

1. A writ of attachment is no authority to the sheriff for seizing or detaining goods, other than the goods of the defendant. If, while the goods of a person not a party to the attachment, are in the hands of a common carrier, the sheriff levy upon them, and he afterwards fail to surrender them to the owner on demand, he is liable to an action.

2. The claim laws, as a remedy for the true owner, are cumulative, not exclusive.

Sheriff. Attachment. Levy and sale. Claim. Before Judge PEEPLES. Fulton Superior Court. October Term, 1876.

Perkerson, as sheriff of Fulton county, levied an attachment in favor of Thompson & Pettibone against Valentine, on certain personalty in the possession of the Georgia Railroad. Mrs. Bodega claimed title to the property, and demanded, through her husband and counsel, possession thereof. Perkerson refused to deliver possession except on the filing of a formal claim. This course was subsequently pursued, and the property turned over to the claimant. Plaintiffs brought trover against Perkerson. He pleaded the general issue, and the above stated facts, alleging good faith, etc., in his conduct The jury found for the defendant. The plaintiff moved for a new trial upon the following, among other grounds, to-wit :

1st. Because the court erred in omitting the words " good intentions will not justify an illegal levy," from the following written request by plaintiffs :

" The sheriff is presumed to know the law and his duties under the law, and if he, in attempting to levy on the property

of the defendant in attachment, levies on the property of a third person, not in the possession of the defendant, he will be liable for the damage resulting from such levy, unless it is shown in the evidence that the property so levied on was in truth the property of the defendant in the attachment, and this is so, whatever the actual intention of thesheriff was in making the levy. Good intentions will not justify an illegal levy."

2d. Because the court erred after charging the jury as requested by plaintiff: that "if at the time of the levy of the attachment the defendant was in doubt as to the owner-ship of the property, at most he could be justified in *seizing* the property to hold only until, by reasonable diligence in making inquiry as to the true owner of the property, the de-fendant could ascertain whether the property was the prop-erty of defendant or not; and if, after being informed that the property did not belong to defendant, but was in good faith claimed by plaintiff, the defendant still held on to the prop-erty, and refused to give it up except upon a claim being filed under the law, then such refusal would be wrongful, and ren-der defendant liable to plaintiffs in damages," in adding this language, " but the sheriff must in all cases, and especially in cases of attachment where the plaintiffs have an attachment bond for their indemnity, be allowed a reasonable discretion in holding the goods for a claim, or until he is otherwise sat-isfied that justice requires him to deliver the goods."

3d. Because the court erred in refusing to charge the jury as requested:

" That the sheriff has no right to drive an innocent party to employ counsel, or file a claim, to get possession of his own property."

4th. Because the court erred after charging the jury as requested : " that the sheriff was not bound under the direc-tion of the plaintiff to levy on goods pointed out by the plain-tiff in attachment, unless the goods were in the possession of

the defendant in the attachment," in adding this language, " or there were other circumstances at the time which justified a belief on his part that the goods were defendant's."

5th. Because the court erred, after charging the jury as requested, " that after the plaintiff gave the defendant notice that the property belonged to her which he had levied on, and after this notice the sheriff held on to the plaintiff's property, he is liable to her for damages," in adding this language, " unless you believe that the sheriff in this acted in good faith, and took no more time and opportunity to satisfy himself than under the circumstances was reasonable."

The motion was overruled and plaintiffs excepted.

ARNOLD & ARNOLD; E. N. BROYLES, for plaintiffs in error.

P. L. MYNATT, for defendant.

BLECKLEY, Judge.

According to the decided weight of the evidence, the goods were the property of the plaintiff, and the possession of the same by the defendant in attachment was under and for the owner, and not in his own right. They were seized by the sheriff while in the hands of a common carrier, to whom the defendant in attachment had just delivered them for transportation from Atlanta to New York. While they were in the sheriff's custody under the levy, the title of the plaintiff was made known to the sheriff, and their surrender demanded. He would not yield to the demand, but retained the goods until a claim had been regularly interposed, and bond and security given, as provided for by the claim laws embodied in the Code. This action was brought after the demand and refusal now referred to.

1. The attachment was authority to the officer to seize the property of the defendant, but none, whatever, to seize the property of third persons. 57 *Ga.*, 596.

Bodega *et ux. vs.* Perkerson.

If, owing to the peculiar circumstances, the sheriff was justifiable in treating these goods as the property of that defendant until informed of the true title, (and we hardly think that he was) he was bound, at his peril, to recognize and yield to the true title when it was brought to his notice. Not having done so, he was guilty of a conversion, and a cause of action against him then became complete, if it was not so before. Between the risk of liability to the owner by holding on, and the risk of liability to the plaintiff in attachment by letting go, the sheriff's position may have been exceedingly embarrassing and uncomfortable; but such risks are incident to his office, and they must needs be incurred by whomsoever considers the office sufficiently profitable or desirable to induce its acceptance. In numerous instances the sheriff is charged as if he knew both law and fact with absolute certainty, and not to know either is simply his misfortune.

2. The claim laws give to owners a cumulative remedy. They do not abrogate or supersede remedies which existed before. 9 *Ga.*, 23. Indeed, properly speaking, they afford no remedy at all for damages, beyond the mitigation which results from regaining possession of the property. 58 *Ga.*, 195. The surrender of property after conversion goes in mitigation of damages, but does not defeat the action. 7 *Ib.*, 528. The motion for new trial presents several points on the measure of damages, all of which may be readily solved by consulting the Code.

Cited in the argument: 56 *Ga.*, 426; 12 *Ib.*, 613; 13 *Ib.*, 392; Addison on Torts, 787; Drake on Attach., §§195, *et seq*; Code, §§3269, 3283; 34 *Ga.*, 311; 29 *Ib.*, 710; Drake on A., §§194, 194*a*; 32 *Ga.*, 512; 56 *Ib.*, 634; 30 *Ib.*, 241; 13 *Ib.*, 389; 3 Camp., 47; Crocker on Sh'ff's, 382; Code, §3322.

Judgment reversed.