## CHIPSTEAD vs. PORTER.

[WARNER, Chief Justice, being engaged as presiding officer of the senate upon an impeachment trial, did not sit in this case.]

A constable charged with the execution of a possessory warrant, duly issued against specific property, has no discretion but to execute it, and whilst he holds possession lawfully, under such warrant, he is not liable to be sued in trover by the true owner.

Trover. Possessory warrant. Officers. Before Judge Hood. Early Superior Court. April Term, 1879.

Reported in the opinion.

E. C. BOWER, for plainiff in error.

R. H. POWELL, by brief, for defendant.

BLECKLEY, Justice.

On the 11th of March, 1878, Porter brought trover against Chipstead for a certain described ox. The plea was, not guilty. At the trial, the evidence as to title was conflicting, that for the plaintiff below tending to establish title in him, and that for the defendant tending to establish it in one Grist, or rather in the wife of Grist. It appeared that the defendant, Chipstead, was in possession of the ox when the action was brought; but he testified, and nothing to the contrary was shown, that his possession was only as an officer of the law, a constable; and that he held it under legal process. The process was put in evidence. It was a possessory warrant issued by a justice of the peace, in favor of Grist against one Hodges, on the 9th of March, 1878, and was founded upon an affidavit made by Grist. The affidavit and warrant were both in substantial conformity to the Code, §4032. The ox was described, and the warrant commanded that he be seized, and that Hodges be arrested. Upon it was a return by Chipstead, as constable, of such seizure and arrest, dated the same day the warrant issued.

There was also in evidence an order of the same date, signed by the magistrate who issued the warrant, adjudging the possession of the property to Hodges, and directing that it be turned over to him upon his giving bond and security. A further order by said magistrate was in evidence, dated two days later, that is, March 11, the same day on which the action of trover was commenced, reciting that Hodges had been unable to give the required security, and directing that the property be delivered to Grist upon bond and security being given by him. On the 14th of March, Grist gave bond and security, in terms of the last order, and the magistrate approved the same. The jury found a verdict for the plaintiff, Porter; and the defendant moved for a new trial because the verdict was contrary to law and evidence. The court overruled the motion, and this is one of the matters of exception, another being that the court erred in charging the jury, "that if possession was shown in the defendant at the time of bringing the suit, it was such conversion as would entitle the plaintiff to recover."

We think the court erred in so charging, and that the verdict was contrary to law. Process is of two kinds, one of which directs the officer to seize the defendant's property generally, and leaves the officer to find and identify it; the other directs him to seize some specific article or articles of property which are pointed out and described in the process itself, and which, if the process be legal and issued by competent authority, the officer must seize at his peril. Acting under the former species of process, he is left to inquire and judge for himself as to what particular property his process covers, and he must make no mistake to the injury of third persons; he must not take the property of strangers, for his process is no warrant to do that, but is warranted only for seizing the property of the defendant. 57 *Ga.*, 596; 60 *Ib.*, 516. But acting under the latter species, he has no concern but to find what his process describes, and deal with it as the precept commands him. 13

*Ga.*, 394 ; 3 Wall., 334.   Neither in taking nor detaining it can he be a wrong-doer, so long as he is but rendering obedience to the mandate of the court or magistrate whose ministerial agent he is.   His custody is the custody of the law, and the law will not adjudge its own custody illegal.   One court will not interfere with the administration of another court of competent jurisdiction, and treat the mere performance of ministerial duty by a faithful officer as a wrongful conversion of property.   No illegality, or even irregularity, in the possessory warrant under which the ox was taken and held by the constable, has been pointed out or suggested.   We have discovered none for ourselves, and our conclusion is that there is, in the evidence, no trace of a conversion, and that the action of trover was a misconception.   It should not have been brought, and cannot, on the evidence in the record, be maintained.

Judgment reversed.