HOLTON *vs.* TAYLOR *et al.*

1. Where an execution was levied upon personal property in the hands of a person other than the defendant, and upon the trial of a claim interposed thereto the property was found not subject, the levy was a trespass *per se*, and the claimant could recover of the levying officer, and the plaintiff under whose direction he acted, the damages sustained by him. On the trial of an action of trespass on account of such levy, the judgment finding the property not subject was conclusive on that point.

2. On the trial of an action of trespass for such a levy, the suit being only for the actual damages sustained, and not for a malicious abuse of legal process without probable cause, malice and want of probable cause were not essential to a recovery.

March 28, 1888.

Levy and sale. Trespass. Officers. Malice. Malicious abuse of process. Damages. Before Judge ATKINSON. Appling superior court. March adjourned term, 1887.

Reported in the decision.

G. J. HOLTON & SON and S. W. HITCH, for plaintiff.

No appearance for defendants.

SIMMONS, Justice.

It appears from the record in this case that W. H. Ellis obtained a judgment againt James Simmons in a justice's court in Ware county, on which judgment an execution was duly issued and placed in the hands of A. B. Taylor, a constable of Appling county. Under the direction of Ellis Taylor, the constable levied the execution upon a horse in the possession of I. S. Holton, and took the horse from the possession of Holton. Holton filed a claim to the horse. The *fi. fa.* and claim were returned to the justice's court whence it issued. The claim was tried and the horse found not subject to the judgment and *fi. fa.* Holton, the claimant, then brought a suit in trespass against Ellis, the plaintiff in *fi. fa.*, and Taylor, the constable, for an illegal seizure and levy. On the trial of the case in the court below, under the charge of the court, the jury returned a verdict for the defendants. The plaintiff made a motion for a new trial, upon the several grounds contained therein, which was overruled by the court, and the plaintiff excepted.

One of the grounds of error complained of in the motion for a new trial was, " Because the court refused to give in charge the following request of the plaintiff: ' If the jury believe from the evidence that the plaintiff in *fi. fa.*, W. H. Ellis, ordered the other defendant, A. B. Taylor, constable, to levy upon the horse in the posession of the plaintiff, it would be a trespass *per se*, and the plaintiff would

be entitled to recover what damages he has shown he has sustained, and the defendants could only defeat a recovery by showing the property was or is subject to the *fi. fa.* so levied; and the judgment of the court, if they should find any such in evidence, finding the horse so levied on not subject, would be *prima facie* evidence that the horse was not subject'; which request the court refused, but charged the jury as follows: ' If the jury believe from the evidence that the horse levied on was in possession of Simmons, the defendant in *fi. fa.*, at any time subsequent to the rendition of the judgment, and that the plaintiff in execution knew of that fact and in good faith levied upon the horse, then the plaintiff could not recover. In order to authorize a recovery upon the part of the plaintiff, it is incumbent upon the plaintiff to show that the levy of the execution upon the property of the plaintiff was made with malice and without probable cause. The absence of probable cause is a circumstance from which the inference of malice might arise, but if the jury find that there was probable cause for the levy, under the rules given them in charge, they could not find in favor of the plaintiff at all.' " The refusal to give the written request and the giving of this charge is excepted to.

We think the court erred in not giving the charge set out in the motion. The request of the plaintiff did not state the law as strongly as he was entitled to have it stated. The request, in substance, was, that the court should charge the jury that if they believed that the court that tried the claim case had found the property not subject, the judgment of that court would be only *prima facie* evidence that it was not subject. We think, however, that the judgment of the court between these parties finding the property not subject, instead of being *prima facie* only, was conclusive evidence upon that subject, (code, §3577,) and if the plaintiff had requested the court to so charge the jury, we think the court ought to have done so. And this property being in the possession

of a third party, and not in the possession of the defend-
ant in *fi. fa.*, the court should have given the other part of
the request also, to-wit, that it was a trespass *per se* to
levy thereon. In *McDougald vs. Dougherty*, 12 *Ga.* 613,
this court held, that " the levy of an execution against A,
upon property in the possession of B, is a trespass; and
the plaintiff in execution, the attorney for the plaintiff in
execution who orders the levy, and the officer who makes
it, are all liable as trespassers, unless they justify by show-
ing that the property belonged to the defendant in execu-
tion, and was liable to the execution." In the case of
*Wallace vs. Holly*, 13 *Ga.* 389, the case of *McDougald vs.
Dougherty*, above cited, was considered and approved;
and the court say : " That was the case of a *fi. fa.* founded
on a general judgment against A, levied upon property in
the possession of B. We held the sheriff a trespasser.
We held that it was the perversion of a legal process;
that it was the right of the officer to judge of the fact
whether property not in the possession of the defendant
was subject to the execution ; that he must judge at his
peril, and if he did levy, he must justify, and show that
the property was the property of the defendant, in order
to protect himself against damages. We have no fault to
find with that ruling." And the court adds that the bur-
den of proof was on the defendants to show that they
were justified in the levy. In *Turner vs. Irwin*, 35 *Ga.*
254, this court says that the levying officer " acts upon his
own judgment and responsibility. If the property is not
subject, the defendant can bring trespass," etc.

We think the court also erred in charging the jury, as
above set out, that it was incumbent upon the plaintiff to
show that the levy was made with malice and without
probable cause ; and that if there was probable cause for
the levy, they could not find in favor of the plaintiff at all.
This was not a suit for the malicious abuse of legal pro-
cess ; no malice or want of probable cause was alleged in
the declaration; but it was a suit for the actual injury oc-

casioned the plaintiff by the illegal levy of the *fi. fa.* In cases of this kind, where a suit is brought for the actual injury occasioned by the illegal levy, it can be sustained without the allegations of malice or want of probable cause. The plaintiff recovers for the actual injury sustained by him, and the necessary expenses which he has incurred in recovering this property. The measure of damages is different in cases of malicious abuse of legal process without probable cause, from what it is in cases where the suit is brought simply for the actual damages. In the former, exemplary or vindictive damages may be given by the jury; in the latter, only such damages as arise from the injury to the property and expenses of recovering the same. The case at bar was of the latter class; and we think that the judge erred in charging the jury that the plaintiff could not recover at all unless he had shown malice or want of probable cause. Upon the distinction between these different classes of actions, see *Juchter vs. Boehm, Bendheim & Co.*, 67 *Ga.* 534.

Judgment reversed.