8588. HOYT, deputy marshal, *et al. v.* SMITH.

A levy upon property other than that of the defendant, under an execution founded on a general judgment, does not render the levying officer liable, as a trespasser, to the owner of the property, where the defendant in fi. fa. is in possession of the property at the time of the levy, and where no circumstance appears that would suggest a reasonable doubt of the defendant's ownership of the property.

DECIDED JULY 23, 1917.

Action on official bond; from Fulton superior court—Judge Ellis. January 22, 1917.

*Daley, Chambers & Daley, Alvin L. Richards,* for plaintiff in error. *Gober & Jackson, W. I. Heyward,* contra.

BROYLES, P. J. · Counsel for the defendant in error argue that in all cases where an execution, issued on a general judgment, is levied upon property other than that of the defendant, the levying officer is guilty as a. trespasser. In support of their contention they cite the following cases: *Chipstead* v. *Porter,* 63 *Ga.* 220; *Holton* v. *Taylor,* 80 *Ga.* 508; *McDougald* v. *Dougherty,* 12 *Ga.* 613; *Wallace* v. *Holly,* 13 *Ga.* 389 (58 Am. D. 518); *Turner* v. *Irwin,* 35 *Ga.* 254; *Bodega* v. *Perkerson,* 60 *Ga.* 516; *Haslett* v. *Rodgers,* 107 *Ga.* 239, 245 (33 S. E. 44). In the *Chipstead* case it is said: "Process is of two kinds, one of which directs the officer to seize the defendant's property generally, and leaves the officer to find and identify it; the other directs him to seize some specific article or articles of property which are pointed out and described in the process itself, and which, if the process be legal and issue by competent authority, the officer must seize at his peril. Acting under the former process, he is left to inquire and judge

for himself as to what particular property his process covers, and he must make no mistake to the injury of third persons; he must not take the property of strangers, for his process is no warrant to do that, but is warrant only for seizing the property of the defendant. 57 *Ga.* 596; 60 *Id.* 516. But acting under the latter species, he has no concern but to find what his process describes and deal with it as the precept commands him." In that case the execution was issued against specific property, and the Supreme Court there held that the constable was not liable as a trespasser, although he may have levied upon property other than that of the defendant. The further holding, although it may have been sound law, was obiter dictum. The only decisions there cited as authority for the obiter ruling are *Wilson* v. *Paulsen,* 57 *Ga.* 596, and *Bodega* v. *Perkerson,* 60 *Ga.* 516. In the *Wilson* case the property, levied upon under an attachment, was not, at the time of the levy, in the possession of the defendant in attachment. In the *Bodega* case, likewise, the attachment was levied upon property not at the time of the levy in the possession of the defendant in attachment.

In *McDougald* v. *Dougherty,* supra, the execution was levied on property not at the time of the levy in the possession of the defendant in execution. In the *Wallace* case, supra, the decision germane to the facts of the case was that the sheriff was liable for *not* levying a mortgage fi. fa. upon the mortgaged property named in the process, although such property was in the possession of a third person. The further holding in that case, relied on here by the defendant in error, was, as in the *Chipstead* case, obiter. In *Turner* v. *Irwin,* supra, the Supreme Court said (p. 257) that the only question raised by the exceptions and which it was called upon to decide was whether, under the facts presented by the affidavit of the plaintiff and the counter-affidavit of the defendant, the words of the stay ordinance, to wit, that the debtor was "about to remove his property without the limits of the county," were substantially complied with. It is obvious that that question has no bearing upon the question now under consideration. In *Holton* v. *Taylor,* supra, the execution was levied upon property "in the hands of a person other than the defendant." In *Haslett* v. *Rodgers,* supra, the germane holding was that a sheriff, by levying an attachment upon goods described in the petition, did not become a trespasser, although the conveyance (upon which the at-

tachment was based) may have been valid in law. The other ruling in that case, relied on by the defendant in error, is obiter. The *Bodega* case, supra, has already been discussed. So it appears that not one of the cases cited by counsel for the defendant in error directly holds (obiter expressions excepted) that an officer who levies an execution, based upon a general judgment, upon property other than that of the defendant in fi. fa., is liable as a trespasser, *where the property levied upon is, at the time of the levy, in the possession of the defendant in fi. fa.* On the contrary, property found in the possession of the defendant in fi. fa. is, prima facie, his property. *Wallace* v. *Holly,* supra. This being true, it would seem to follow, as a necessary consequence, that an officer who levies an execution upon property which is in the possession of the defendant in execution is not liable as a trespasser, although it subsequently develops that the property was not, as a matter of fact, the property of the defendant. This would certainly be true where, at the time of the levy, no notice was given the officer that the property in the defendant's possession was not in fact his, and where no circumstances appeared which might suggest a reasonable doubt as to whether the property was the property of the defendant.

We think any other ruling would seriously impair the rights of creditors, as otherwise a levying officer would not dare to levy on property of the defendant in fi. fa., although in the exclusive possession of the latter, unless there was a mathematical certainty that the property did belong to the defendant. And in the great majority of cases no such certainty would appear. In our judgment the various decisions of the Supreme Court on this question can be reconciled by construing all of them to mean that the levying officer is liable as a trespasser only when the property levied on is not in the possession of the defendant in fi. fa., or when the circumstances are such as to suggest a reasonable doubt as to whether the property is in fact the property of the defendant.

This was a suit for damages by the alleged owner of personal property, brought against a levying officer and his bondsmen, for an alleged illegal levy and sale of the property. The execution was issued upon a general judgment against the defendant in fi. fa. The petition failed to state that the property levied upon as the property of the defendant was not, at the time of the levy, in his possession, or that the levying officer had notice at the time of the

levy that the property did not belong to the defendant in fi. fa. The petition further failed to show any circumstances connected with the property sufficient to suggest to the officer a reasonable doubt as to whether the property was in fact the property of the defendant. In our opinion,. therefore, the petition did not set out a cause of action, and the court erred in overruling the general demurrer interposed thereto.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*