## The East and West Railroad Company of Alabama vs. Sims, next friend.

1. Where the work assigned to plaintiff was not extraordinarily hazardous and dangerous, and where, before his father hired him to the railroad company, both plaintiff and his father had been engaged in precisely similar work, the father having been for some time in the employment of the company, and the son frequently assisting him in such work, such company, when it hired the plaintiff, though he were a minor, had a right to suppose that his father had given him all instruction necessary to doing the work in safety, and that plaintiff knew all about the danger attendant thereon. Therefore such company owed plaintiff no duty as to warning him of such danger, no danger being apparent, or as to telling him how to do the work safely.

2. If there be any evidence whatever to sustain the action, it must go to the jury, the court having no discretion in the matter of granting a nonsuit; but on motion for new trial, the court may exercise its discretion, and in many cases a new trial should be granted where a motion to nonsuit would be properly overruled.

May 14, 1888.

Railroads. Employé. Minor. Negligence. Warning. Nonsuit. New trial. Before Judge NEEL. City court of Cartersville. December term, 1887.

Reported in the decision.

I. F. THOMPSON and M. R. STANSELL, for plaintiff in error.

J. A. BAKER, *contra.*

BLANDFORD, Justice.

It appears in this case that Sims had been hired by his father to the East & West Railroad Company of Alabama, for the purpose of transferring lumber from its cars to the cars of the Western & Atlantic Railroad Company. It appears that, while engaged in this work, some of the lumber slipped and fell upon the plaintiff and hurt his leg. A verdict was had for the plaintiff; the defendant moved for a new trial, which was refused, and it thereupon excepted.

1. It is only necessary to notice one ground of the motion for a new trial, to-wit: Because the court erred in charging: "If plaintiff, on account of youth, inexperience, lack of intelligence, and the shortness of time he had been engaged, did not understand how to transfer and pile the lumber with safety to himself; and if no one gave him warning of the danger, or instructions how to perform it safely, and there were dangers in the work that a person of his age, intelligence and experience would not understand or appreciate without such warning or instruction; then it was the duty of the person in charge of the transfer yard, before putting plaintiff at such work, to warn him of such danger and give him such instructions as would put him on notice of the dangers and the best way to avoid them; and if under such circumstances, defendant failed to give such warning and instruction, that would be a breach of duty for which defendant would be liable, if plaintiff were without negligence on his part and sustained

injury from such dangers as defendant had so failed to warn him or instruct him about."

We think the foregoing charge was error, under the facts of this case. The work which the plaintiff was put to do was not extraordinarily hazardous and dangerous; and it appears that, before his father hired him to the company, both he and his father had been engaged in this kind of work, the father having been for some time in the employment of the company, and the son frequently assisting him in such work; and the company, when it hired the son, had a right to suppose that his father had given him all the instructions necessary to do this work in safety to himself, and that he knew all about the danger attendant thereon. Therefore we do not think the company owed him any duty as to warning him of such danger, no danger being apparent; or as to telling him how to do the work safely, the presumption being that he knew how to do it, under the facts of this case.

2. We think, under the facts of this case, that the judge should have granted a new trial, because the verdict was without sufficient evidence to support it. A nonsuit is a matter of strict law, and when a motion to nonsuit is made, there is no discretion on the part of the court, and if there be any evidence whatever to sustain the action, it must go to the jury; but on a motion for a new trial, the court will look to all the evidence, and weigh and consider it particularly, and may exercise his discretion in granting or refusing a new trial; and in many cases a new trial should be granted where a motion to nonsuit would be properly overruled.

The judgment in this case is reversed upon the grounds that the court erred in charging the jury as above set out, and in refusing to grant a new trial.

Judgment reversed.