## 114. WILLIAMS *v.* INMAN *et al.*

1. Suits against joint trespassers may be brought in the county of the residence of any one of them.
   (a) In an active trespass, committed by an agent on behalf of his principal, such principal is a joint trespasser with the agent.
   (b) In some cases an attorney at law may be treated as an agent, within the purview of this rule.
   (c) If an attorney, on behalf of himself and of his client, causes an attachment against A to be levied on the goods of B, while such goods are in B's possession, the attorney and client may be joined as trespassers.
2. In the execution of process, specially directed by a court of competent jurisdiction against specific property, the officer seizing the property, even from the possession of a third person who in fact owns it, is not a trespasser, on account of the protection afforded by the court's command; but this justification does not inure to the benefit of those causing the process to be sued out with the view of having the trespass so committed.
3. In a suit by a person whose property has been taken from his possession and injured under process directed against another person, where only actual damages are sought to be recovered, malice and lack of probable cause are not essential allegations.

Action for damages, from city court of Newnan—Judge Freeman. July 30, 1906.

Argued February 18,—Decided February 28, 1907.

*McLaughlin & Jones, Hill & Culpepper, W. C. Wright,* for plaintiff.

*Ellis, Wimbish & Ellis,* for defendants.

POWELL, J. The plaintiff in error, Mrs. Williams, filed suit in the city court of Newnan, in Coweta county, against W. G. Post of that county and the partners of the firm of Inman, Smith & Co., all of whom reside in Fulton county. The petition alleges, that in 1903 Mrs. Williams was engaged in a mercantile business and was in possession of a stock of goods, claiming the same as her own; that on November 21, 1903, and ꞏsubsequently, Post was "the attorney and counselor at law for the said Inman, Smith & Co., and as such attorney and counselor at law, did, on his own account, and for and on behalf of said Inman, Smith & Co., cause a petition ꞏfor an attachment to be filed in the superior court of Meriwether county . . against one Gus Williams, of said county, the same being filed on November 30, 1903; and on November 27, 1903, an attachment fi. fa. was issued by ꞏhis honor S. W. Harris, judge of the superior court of the Coweta circuit, against the said Gus Williams, as defendant, a copy of which is attached." From the exhibits attached to the petition, we infer that the attachment was issued under the Civil Code, §§ 4543-4548, being what is commonly called a fraudulent debtor's attachment. It is further recited in the petition, that upon the issuance and filing of this attachment the same was, by the direction of said Post and said Inman, Smith & Co., levied by the sheriff of Meriwether county upon the stock of goods of petitioner; that she filed claim, and, upon the issue formed, the property was found not subject. It is alleged that by reason of the unlawful seizure of her goods and the levy by said Post and said Inman, Smith & Co., she has been damaged in the sum of $5,000; and the special damages are set out in detail. To the petition Inman, Smith & Co. demurred, on the grounds, that the partners of the firm of Inman, Smith & Co. resided in Fulton county, and not in Coweta county; that from the relation existing between them and Post, as shown by the petition, of attorney and client, they were not such joint trespassers with Post as would allow the joining of them in the same suit, instituted in the county of Post's residence; that the attachment was not an ordinary common-law attachment, but was a fraudulent

debtor's attachment, issued by the superior court and directed against the specific property levied on, and that neither the levying officer nor the defendants are trespassers, or joint trespassers, whereby the suit might be located in Coweta county; that "the petition as a whole shows on the face thereof that the proceedings sued out by these defendants, and described in the plaintiff's petition, entitled the plaintiff to all those rights and remedies provided by law, which, if exercised by her, would have been a complete remedy or prevention of the alleged wrongs and injuries complained of;" that if plaintiff has any cause of action it should be located in Fulton county; that the petition fails to set out any cause of action against Post, and that his presence as a defendant in the suit creates a misjoinder of parties. The trial court sustained the demurrer, and the plaintiff excepts.

1. "Suits against joint obligors, joint promisors, copartners, or joint trespassers, residing in different counties, may be tried in either county." Civil Code, §5872. "Any abuse of, or damage done to, the personal property of another unlawfully, is a trespass for which damages may be recovered." Civil Code, §3888. "In all cases he who maliciously procures an injury to be done to another, whether it be an actionable wrong or a breach of contract, is a joint wrong-doer, and may be sued either alone or jointly with the actor." Civil Code §3873. "One who aids, abets, or incites, or encourages or directs by conduct or words, in the perpetration of a trespass, is liable equally with actual trespassers." 28 Am. & Eng. Enc. L. (2d ed.) 566. The word "trespass" generally involves the idea of force, but, as used in the code sections above cited, it is employed in a broader sense, and comprehends any misfeasance, transgression, or offense which damages another person's health, reputation, or property. *Cox* v. *Strickland,* 120 *Ga.* 104. Persons jointly acting together to cause an attachment or execution to be levied on the property of a third person, as the property of the defendant, are joint trespassers. *Page* v. *Citizens' Banking Co.,* 111 *Ga.* 73 (2). In that case the petition recited that two of the defendants "were acting for themselves as well as for" the other defendants in suing out certain warrants; and the court refers to this state of facts as "a confederation and conspiracy among them to begin and carry it on." That principal and agent are joint trespassers as to active torts committed by the latter on

behalf of the former, see *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 739;
and *Central Ry. Co.* v. *Brown,* 113 *Ga.* 417.    An attorney at law,
while an officer of court, is nevertheless an agent of his client, and
may jointly with his client commit a trespass.    The true rule,
as deduced from the authorities, seems to be, that, for the bring-
ing and conducting of suits, the plaintiff's attorney is not liable
to the defendant, if he acts in good faith in pursuance of his
client's directions and without knowledge of his client's malice;
although the action in fact proves to be malicious; in other words,
since, in order to recover against the client in such cases, malice
and lack of probable cause must be sworn, likewise, to hold the at-
torney liable, he must be in somewise connected with the malice;
but if the client, through the attorney, commits a trespass or active
tort upon the rights of third persons, both are liable.    Weeks on
Attorneys, §127 et seq·: Mechem on Agency, §836 et seq.    As is
said by our Supreme Court in *McDougald* v. *Dougherty,* 12 *Ga.*
613: "A levy of an execution against A, upon property in the
possession of B, is a trespass; and the plaintiff in execution, the
attorney for the plaintiff in execution who orders the levy, and
the officer who makes it, are all liable as trespassers, unless they
justify by showing that the property belonged to the defendant
in execution, and was liable to the execution."    A person in posses-
sion of personal property is prima facie the owner, and whoever
causes it to be seized under process as the property of another
person must at his peril be prepared to defend or justify against
the apparent trespass.    *McDougald* v. *Dougherty,* supra; *Wallace*
v. *Holly,* 13 *Ga.* 389; *Holton* v. *Taylor,* 80 *Ga.* 511; *Jones* v.
*Lamon,* 92 *Ga.* 529; *Wilson* v. *Paulsen,* 57 *Ga.* 596; *Farmers and*
*Traders Bank* v. *Allen & Holmes Co.,* 122 *Ga.* 67; *Pausch* v. *Guer-*
*rard,* 67 *Ga.* 324 (9).

2. The levying officer in such cases may justify by showing a
valid process of the court, commanding the seizure of the particu-
lar property, irrespective of the possession; for no man is a tres-
passer for doing an act which the law makes it his duty to do.
*Wallace* v. *Holly,* 13 *Ga.* 389, citing Calender v. Marsh, 1 Pick.
435; *Jefferson* v. *Hartley,* 81 *Ga.* 718; *Chipstead* v. *Porter,* 63
*Ga.* 220.    Since an insolvent debtor's attachment points out the
specific property to be seized, it operates as a justification to the
levying officer in seizing the property, wherever found, and he

therefore can not be sued as a trespasser for seizing the property described, though it be in the possession of a third person. *Haslett* v. *Rodgers,* 107 *Ga.* 239. So that in the case at bar the sheriff could not have been joined as a cotrespasser. But does the justification of the sheriff inure to the benefit of the plaintiff in attachment, or others with whom the sheriff would be liable as a joint trespasser were it not for the immunity afforded him by the specific words of the court's process? We conclude not. Take the case of *Juchter* v. *Boehm,* 67 *Ga.* 534: the plaintiff in mortgage fi. fa. was held liable for the trespass committed by the illegal levy, though under the ruling in *Wallace* v. *Holly,* supra, the mortgage fi. fa. would have been an absolute protection to the levying officer. Take *Crusselle* v. *Pugh,* 71 *Ga.* 746, and the plaintiff who caused the dispossessory warrant to issue was held to be guilty of actionable wrong, though under the repeated rulings the process would have been a complete protection to the constable. The officer, being robbed of discretion in such cases, becomes merely the involuntary instrumentality by which the real trespasser commits the wrong. In some States the order of the judge granting the attachment would have been a full protection to the plaintiff in attachment, as well as to the levying officer, but the Georgia courts have adopted the contrary rule. See *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 406 (4).

3. It is insisted that the action can not be maintained because no malice is charged against the defendants. It must be kept in mind that this is not a suit on account of malicious use or abuse of civil process; it is not a suit for malicious prosecution, but a suit for trespass by the plaintiff for a direct invasion of her property rights. In discussing the various causes of action which may arise out of wrongs done under the guise of asserting rights by legal process, Chief Justice Simmons, in *Porter* v. *Johnson,* 96 *Ga.* 147, says: "In some instances an action for trespass quare clausum fregit or trespass vi et armis will lie. In some cases the use of legal proceedings or process may amount to a breach of contract, and an action for breach of contract will lie. Of course, if the action is for trespass or for breach of contract, it is unnecessary to show malice or want of probable cause." The defendant whose rights have been invaded or whose property has been seized, being a party to the suit and being capable of asserting his rights

therein, stands upon a footing different to that of outsiders whose rights have been trespassed upon in the plaintiff's efforts to pursue the defendant. The Chief Justice, in the case last cited, states the rule as it exists between the parties to the case, and gives the reason. He says: "So far as I know, no respectable court in this country has ever held that an action will lie against a person for having brought an action against another, unless he did so with malice and without probable cause. If the law were otherwise, the ending of an action would be merely the beginning of litigation. The defendant, immediately upon the failure of the action, would begin one against the plaintiff; and if the latter action should fail, the defendant therein in turn would bring another action; and so on ad infinitum. This court is fully committed to the doctrine that such an action is not maintainable without proof of malice and want of probable cause." In attachment cases upon the failure of the plaintiff to recover, the defendant has his choice of remedies by which to seek compensation for the wrong done him; he may allege and prove, if he can, that the attachment was sued out with malice and without probable cause, in which event he may recover not only actual damages, but also exemplary damages; or he may sue on the attachment bond and recover only actual damages; and in this latter case the existence of malice and lack of probable cause are unnecessary allegations. *Fourth National Bank* v. *Mayer, 96 Ga.* 728. The third person whose possession has been violated by the levy of the attachment is left in no worse condition (save that he does not have recourse on the bond) ; for he may sue for the actual damage by merely alleging the trespass; but if he can allege and establish malice, he can enhance the recovery by obtaining exemplary damages. Where the plaintiff waives damages other than the actual damages, in the former case —that of the defendant himself,—the suit is for breach of contract; in the latter,—that of the third person,—for trespass vi et armis; and these two classes of cases are the identical ones mentioned by name as exceptions to the general rule in *Porter* v. *Johnson,* supra. While such third person may file his claim to the levy of the attachment, he is in no sense a party to the original proceedings, and his action, therefore, is not that of a party to the suit,—an action for the malicious prosecution of the suit,—but

sounds in trespass quare clausum fregit, or trespass vi et armis. As to the difference between the attitude of the defendant and that of the claimant, in cases of fraudulent debtor's attachments, see *Falvey* v. *Adamson,* 73 *Ga.* 493, 496.

Inman, Smith & Co. being liable to suit for the trespass upon Mrs. Williams's property, is their attorney, Post, exempt from liability? We see no reason for so holding. Mrs. Williams's possession of the property was notice to him personally, as well as to his clients, of her right and title. He therefore knowingly (or at least to the extent of this imputed knowledge) aided his clients in putting into operation the causes by which the trespass was effected. It is alleged, in the petition, that he, "as such attorney and counselor at law, did, on his own account, and for and on behalf of Inman, Smith & Co., cause a petition for an attachment to be filed," etc. It is urged by counsel for the defendant in error that the words "on his own account" are to be disregarded, because meaningless. We do not think so. These are apt words to convey the meaning that the attorney had an interest in the recovery. Contracts whereby the attorney is to receive a portion of the recovery are not infrequent. In such a case he prosecutes the suit on his own account, as well as for his clients. Certainly in such cases there is no reason why it should be held that the attorney is less subject to liability on account of a trespass, which he participates in committing in an endeavor to realize the sum so to be divided, than are the clients, though nominally the clients be the only parties to the case. *Judgment reversed.*