22106. MINHINNETT et al. v. JACKSON.

BROYLES, C. J. 1. "Any abuse of, or damage done to, the personal property of another, unlawfully, is a trespass for which damages may be recovered." Civil Code (1910), § 4485.

2. A suit against joint trespassers, residing in different counties, may be tried in either county. Civil Code (1910), § 6541; *Williams* v. *Inman*, 1 *Ga. App.* 321 (57 S. E. 1009).

3. "Inasmuch as a justice's court has no jurisdiction in actions of trover,

a constable who seizes property by virtue of a process issuing from such a court in a bail-trover case is a trespasser, although he may act in good faith and without malice." *Hamer* v. *White*, 110 *Ga.* 300 (34 S. E. 1001), and cit. So, in such a case, where no legal process was issued, but where A signed a petition in trover claiming title to certain personal property in the possession of B, and A executed before a justice a bail-trover affidavit, and thereafter a constable, in accordance with the verbal directions of the justice, went with A to the premises of B, seized the property (B having the title thereto and the right of possession), and delivered it to A, who removed it to another county, the constable and A were joint trespassers and were liable in damages to B. See, in this connection, *Williams* v. *Inman*, supra.

4. The petition in the instant case was brought by James Jackson, in the superior court of Fulton county, jointly against D. T. Minhinnett, a justice of the peace, H. E. Bridwell, a constable (both residents of said county), and E. T. Boswell, a resident of Greene county. The petition, properly construed (most strongly against the plaintiff), shows a misjoinder of parties defendant and of causes of action, in that Minhinnett is sued in his official capacity as a justice of the peace for alleged misconduct in the execution of his office, and the other two defendants are sued as joint trespassers. The petition set forth a cause of action against Bridwell and Boswell, and their demurrers were properly overruled. However, the grounds of Minhinnett's demurrer, attacking the petition as showing a misjoinder of parties defendant and of causes of action, were good, and the court erred in overruling them.

*Judgment reversed.* *Jenkins, P. J., and Luke, J., concur.*

DECIDED APRIL 30, 1932.

*R. R. Jackson, Hatcher & Hatcher,* for plaintiffs in error.
*Morgan S. Belser, Paul S. Etheridge & Sons,* contra.