22910. STARR *et al. v.* GREENWOOD.

.Decided February 17, 1934.

*J. B. Jones,* for plaintiffs.
*Thad L. Bynum, John E. Frankum,* for defendant.

MacIntyre, J. Mrs. S. F. Ledford and Mrs. Myrtice Starr brought an action against J. J. Greenwood in the superior court of Rabun county. The trial judge granted a nonsuit, and the plaintiffs excepted.

The motion to dismiss the writ of error, on the ground that the evidence was not properly briefed, is denied.

The substance of the petition by paragraph is as follows: (2) On May 1, 1918, J. J. Greenwood executed a deed of trust to Sarah A. Greenwood (his wife), conveying to her "a life interest in certain real and personal property" described in a deed a copy of which is attached to the petition as Exhibit A. (3) "After the death of Sarah A. Greenwood, the life-tenant, the property sued for, which is described in said deed, was to go to J. C. Greenwood, Mrs. Birdie Higdon, Mrs. S. F. Ledford, and Myrtice Greenwood, who is now Mrs. Myrtice Starr." (4) Mrs. Sarah A. Greenwood died on January 5, 1929, "leaving said property sued for to descend to said above named parties equally." (5) "A description of the personal property conveyed in said deed . . is hereto attached" as Exhibit B. (6) "Defendant has appropriated said property to his own use, and fails and refuses to account to plaintiffs for one half of same or its value, though often demanded of him." (7) "Plaintiffs herein sue for the sum of $819, which is a fair valuation of one half the amount of said property, which is described and conveyed in said deed to plaintiffs," with interest thereon from January 5, 1929. "Wherefore plaintiffs pray that process may issue . . , and that plaintiffs have judgment for the sum of $819," etc.

Plaintiffs introduced in evidence the deed referred to in their petition, which deed was dated May 1, 1918. In this deed J. J. Greenwood conveyed to Sarah A. Greenwood a life estate in certain real and personal property, and to plaintiffs and the other parties named in paragraph 3 of the petition a remainder interest in said property. The property so conveyed was: (1) twenty-five acres of land; (2) another tract of land containing twenty-five acres, and (3) "all furnishing and furniture belonging to a dwelling house located on either of said tracts of land described above, together with 1 Ford car, 1 wagon, 1 black horse, 1 bay horse, 4 milk cows, 10 head of hogs, all of the farming implements belonging to either or both of said tracts of land described above." The plaintiffs next introduced in evidence a petition filed in the superior court of

Rabun county by Myrtice Starr and Blanche Ledford against J. J. Greenwood, B. H. Greenwood, and W. H. Greenwood. The gist of the petition is that on May 1, 1918, J. J. Greenwood "executed and delivered a deed . . in which was conveyed· certain valuable real estate described fully in said deed to Sarah A. Greenwood, the mother of petitioners, as well as one brother, James C. Greenwood, and one sister, Bertie Higdon, said deed conveying a life estate in said property to Sarah A. Greenwood, with remainder to petitioners and the said brother and sister aforesaid;" that Sarah A. Greenwood "died in January, 1929, and at her death petitioners, with said brother and sister, became, and are now, owners of said property as tenants in common;" that J. J. Greenwood persuaded petitioners "to sign a deed dated August 30, 1924, conveying said property to their grandfather, G. W. Greenwood, on certain conditions," representing that said deed would not be effective unless petitioners' mother also signed the same; that their mother, Sarah A. Greenwood, refused to sign said deed, and "her life estate in said property remained in her until her death;" that, for reasons stated, the purported deed from petitioners to G. W. Greenwood was void and never passed title; that, knowing that G. W. Greenwood had no title to said property, J. J. Greenwood "induced him, about October 12, 1924, to make him a conveyance of the said property, which . . deed recites a consideration of $5,000 when nothing was paid or promised;" that said G. W. Greenwood died on February 7, 1929, owning no property and owing no debts, and leaving as his sole heirs at law the defendants B. H. Greenwood and W. H. Greenwood."

The petitioner prayed that the deed from them to G. W. Greenwood, and the deed from G. W. Greenwood to J. J. Greenwood be cancelled, and that "it be determined by a judgment of this court that plaintiffs own as tenants in common a one-half interest in and to the property aforesaid." The petition avers that copies of each deed referred to therein is attached to the petition, but such copies do not appear in the record.

The plaintiffs next introduced in evidence the verdict and decree entered· on the aforesaid petition. Said verdict was: "We, the jury, find in favor of plaintiffs, giving defendant, J. J. Greenwood, a life estate in the property in question. . . We also find the deed made by the heirs of J. J. Greenwood to G. W. Greenwood

void—also the deed from G. W. Greenwood to J. J. Greenwood void." The gist of the decree is that "plaintiffs do have and recover of defendant, J. J. Greenwood, an undivided two-fourths (2/4) interest in the property described in the petiton of plaintiffs; the defendant, J. J. Greenwood, is decreed to be the owner of a life estate in said property to terminate at his death," and that the two deeds sought to be cancelled be cancelled.

The first contention of the defendant in error is that, having introduced in evidence said petition, verdict, and decree, plaintiffs are bound by said verdict and decree and precluded by them from recovering in the instant case. The petition in question mentions only land, and prays that plaintiffs recover "as tenants in common a one-half interest in and to the property aforesaid." The verdict deals with *the property in question.* The decree awards plaintiffs "an undivided two-fourths interest in the *property described in the petition.*" It therefore appears clear to us that said action adjudicated the title to land—and not the title to any personalty. In these circumstances we hold that the plaintiffs in the instant case were not precluded from a recovery upon the ground that the life interest in the personal property involved was in the defendant, J. J. Greenwood, and not in the plaintiffs. We hold also that the prior suit did not work an estoppel as to the plaintiffs in the action sub judice. See *Winkles* v. *Simpson Grocery Co.,* 138 *Ga.* 482, 488.

The next contention of the defendant in error is that the personal property set out in Exhibit B of the petition was not shown to be the property described in the deed under which plaintiffs claimed title. This exhibit is in the form of an itemized account. For instance, under the general heading "Furniture," appear such items as: "1 brass bedstead and mattress, $20; 1 oak set furniture, $30; 1 bookcase, $18." Under the heading "farm implements" appear such items as: "1 disk harrow, $45; 1 drag harrow, $18; 1 stalk cutter, $20."

After an examination of the schedule of property attached to the petition, Fred M. Grist, testified: "I knew the personal property described in petition in 1924 and '25, as I then lived in the Greenwood House, where the personal property was contained, and the property was then in the possession of J. J. Greenwood. . . At that time the property was worth about the amounts specified in

the petition. as being the value of the property. I can not say what it would now be worth, but would think it would be worth something like one half of the values claimed in the account attached to the petition. I do not know where the property is now, or what it is worth, and do not know whether the plaintiffs have carried off any part of the property."

J. C. Greenwood testified: "I am the son of J. J. Greenwood and Mrs. Sarah A. Greenwood, and my mother died on the 5th day of January, 1929, leaving the property sued for at our óld home place that was conveyed by my father to my mother for life, and then to myself, my sister Birdie Higdon, and the plaintiffs, Myrtice Starr, who was Myrtice Greenwood, and Mrs. S. F. Ledford. At the time of my mother's death my father, the defendant, took possession of the house and furnishings and all of the furniture described in the account attached to the petition in this case, as well as the farming implements described in the account sued on. At that time I think that one-half interest in the furniture and farm implements was worth $819, the amount sued for, and that each item on the value in the account is correct. I know that my father refused to let the plaintiffs in this case have any of the furniture left by my mother at the time of her death, and refused to pay them anything for it and converted the furniture and farm implements to his own use, and is now in possession of whatever he has not sold and disposed of: all the personal property being described in the deed made by my father to my mother for life, with remainder to myself and my three sisters." "A good deal of this personal property has been sold and disposed of by my father since my mother's death. We gave away the piano, charged at $275 in the account, to the church; all of us agreed to that. The oak suit of furniture charged in the account for $30 was sold by my father. The refrigerator charged in the account at $40 was bought in 1920. The walnut dresser charged at $100 got its value from its age, and mother intended it to go to Birdie Higdon. The cook-stove valued $40 is in the house and has been used by me. I sold the disk harrow for my father and do not remember what it brought, but the money was used on the place. The drag harrow was bought in 1921 and charged at $18, and may not be worth that amount now. The stalk cutter was worth about $5. The mowing machine was sold to Bud Brown. The four milk cows have been sold by my father. The

ten head of hogs sued for have been killed and used up by my father."

While it is evident from the foregoing testimony that the evidence did not warrant a recovery of the value of some of the items described in the exhibit to the petition, the question for this court to determine is whether or not a jury could have rendered a verdict for the plaintiffs for any amount. To our minds, the evidence would have warranted a jury in finding that some of the property set out in the exhibit to the petition was included in the property conveyed in the deed. We are further of the opinion that a jury could have concluded from the evidence that the value of some of the items in exhibit B of the petition was sufficiently proved. "If there be any evidence whatever to sustain the action, it must go to the jury, the court having no discretion in the matter of granting a nonsuit." *East & West R. Co.* v. *Sims,* 80 *Ga.* 807 (2) (6 S. E. 595). See also *Mosley* v. *Palterson,* 27 *Ga. App.* 133 (107 S. E. 623) ; *Gresham* v. *Stewart,* 31 *Ga. App.* 25, 27 (119 S. E. 445) ; *Vickers* v. *Atlanta & W. P. R. Co.,* 64 *Ga.* 307; Civil Code (1910), § 5942. We hold that the trial judge erred in granting the nonsuit.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*