28137.   HIGHSMITH *v.* NATIONAL LINEN SERVICE
CORPORATION.

DECIDED JULY 2, 1940.   REHEARING DENIED JULY 30, 1940.

*Johnson & Corish,* for plaintiff.

*Gazan, Walsh & Bernstein,* for defendant.

GARDNER, J. The allegations of the petition were, that at the special instance and request of the defendant the plaintiff furnished the material and labor necessary for certain painting and repairs on the building and plant occupied by the defendant, which work and material were of the reasonable value of $1413; that the labor and material were accepted by the defendant, but that it refuses to pay therefor; and that at the time the material and labor were contracted' for and the contract performed the land on which the property painted and improved was located was owned by the defendant. A general denial was made, save that it was admitted that the defendant owned a portion of the property improved. It appeared from the evidence that the defendant employed the Massell Construction Company of Atlanta to make certain repairs and have certain painting done on the building occupied by it in the City of Savannah. The Massell Construction Company in turn employed the plaintiff to do certain specified painting on this building at a stipulated price of $400. This contract between the plaintiff and the Massell Construction Company was dated May 12, 1938. In addition to the above paint job, the evidence of the plaintiff tended to show, and the plaintiff claimed, a contract on May 27, 1938, with C. L. Adams, manager of the National Linen Service Corporation and in charge of its office and plant in Savannah, to do certain additional work and painting on the building, and a letter dated May 27, from the plaintiff to "Adams, manager Savannah Linen Supply Company" (registered trade-name of the defendant), was as follows: "As per conversation and agreement with you this morning, we agree to furnish all labor, tools, and material necessary to apply one coat of oil paint instead of Casein Cold-Water Paint, to the walls and ceiling of western section of new building. Paint the ceilings of two offices two coats of Casein paint. Put on one extra coat of flat paint to the woodwork in these two offices inside and outside. Paint the steel girders two coats of oil paint, and putty up broken joints of carpenter work in office. We will bill this to you as soon as job is completed, and this is over and above our original contract price, and that you will make same satisfactory with the contractors." At the bottom of this letter was marked, "Accepted: [Signed] C. L. Adams." On July 7 the

plaintiff contracted with Massell Construction Company to perform an additional amount of painting at and for the sum of $100. The total amount of work and painting done by the plaintiff on the building occupied by the defendant amounted to $1913. The Massell Construction Company paid to the plaintiff the amount of the two contracts it had with him, but denied liability for the balance of $1413. There was no issue under the evidence as to the value of the additional work and painting by the plaintiff on the building occupied by the defendant. The additional work done was under the direct supervision and control of Mr. Adams, the manager of the defendant company, and the entire bill as to value was approved by him. At the conclusion of this evidence the court granted a nonsuit, and exceptions were taken to this order.

We think it sufficiently appeared from the evidence that it was a jury question as to whether or not the manager of the defendant company, Mr. Adams, had authority to bind the defendant with reference to the repairs being done to the building. *American Investment Co.* v. *Cable Co., 4 Ga. App.* 106 (60 S. E. 1037) ; *Pickens Co.* v. *Thomas,* 152 *Ga.* 648 (111 S. E. 27, 21 A. L. R. 1438); Long v. Eagle Store Co., 214 N. C. 146 (198 S. E. 573) ; Morris v. Basnight, 179 N. C. 298 (102 S. E. 389). If it were contended that he was not acting for the defendant, that issue should have been likewise left to the jury.

Was the evidence insufficient to show any liability as against the defendant, and thus authorize the granting of a nonsuit? It appeared that the Massell Construction Company had a general contract, or contracts, to make certain repairs to the building occupied and partly owned by the defendant. The plaintiff was a subcontractor to do certain paint work on the job being performed. The letter of May 27, and the fact that the bill for the entire amount of the work was sent to the Massell Construction Company, the general contractor, are not conclusive as to the liability of the defendant, or property owner, or occupant, to the subcontractor who actually performed a part of the work. They are only circumstances which may be submitted along with all the other evidence to the jury to determine the intention of the parties in the premises under all the circumstances of the transaction and the conduct of the parties. Likewise, the evidence that Mr. Bergman of the Massell Construction Company told the plaintiff to do whatever Mr.

Adams of the defendant company told him to do with reference to painting is only a circumstance for the jury to consider. There was no complete contract in writing for the court to construe, but several ambiguous documents in the form of letters and statements referring to conversations and a course of dealings between parties whose authority and agency and conduct in the transaction may have been susceptible of a substantiation of the allegations of the petition.

In construing this evidence on a motion for nonsuit, the view most favorable to the plaintiff must be taken. When so construed, it appears to have been sufficient to withstand a nonsuit. If Adams, the manager of the defendant company, had authority to and did enter into an agreement with the plaintiff for the defendant to see that the plaintiff was paid for the work, the defendant would be bound as an original undertaking, and the undertaking would not fall within the statute of frauds (*Sext* v. *Geise,* 80 *Ga.* 698, 6 S. E. 174), and it would not matter whether Adams was working for the National Linen Service Corporation. If the defendant company accepted the services and the benefit therefrom, it would be liable to pay the rasonable value thereof. It was error to grant a nonsuit.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

### ON MOTION FOR REHEARING

GARDNER, J. Our attention is called to the fact that the principle of abstract law announced in the first headnote might be construed to the effect that this court circumscribed the evidence to this sole view, and that upon another trial it might be contended that this court had adjudicated the liability of the defendant. After a careful review of the record and the motion for rehearing, it is evident that there is merit in this contention. Accordingly, headnotes 1 and 2 as originally written have been stricken, and a new headnote has been substituted therefor. The other contentions in the motion for rehearing are without merit.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*