## 30914. MASON v. HALL.

DECIDED SEPTEMBER 29, 1945.

*Mitchell & Mitchell,* for plaintiff.

*J. H. Paschall,* for defendant.

PARKER, J. The only question is whether the evidence was sufficient to withstand a nonsuit. In deciding that question we must construe the evidence most strongly in favor of the plaintiff. *Highsmith* v. *National Linen Service Corp.,* 63 *Ga. App.* 112 (10 S. E. 2d, 237) ; *Watkins* v. *Dalton Coca-Cola Bottling Co.,* 66 *Ga. App.* 848 (19 S. E. 2d, 316) ; *National Land & Coal Co.* v. *Zugar,* 171 *Ga.* 228 (2) (155 S. E. 7). A motion for nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's action, or when the jury can fairly infer from the evidence a state of facts favorable to the plaintiff. *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 135 (107 S. E. 623) ; *Gresham* v. *Stewart,* 31 *Ga. App.* 25, 27 (119 S. E. 445) ; *Starr* v. *Greenwood,* 48 *Ga. App.* 535, 540 (173 S. E. 243) ; *Hawkins* v. *National Surety Corp.,* 63 *Ga. App.* 367, 372 (11 S. E. 2d, 250) ; *East & West R. Co.* v. *Sims,* 80 *Ga.* 807 (2) (6 S. E. 595) ; *Stephens* v. *Stephens,* 168 *Ga.* 630, 645 (148 S. E. 522). The jury may, from facts proved,

and sometimes from the absence of counter-evidence, infer the existence of other facts reasonably and logically consequent on those proved. Code, § 38-123.

"A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had." Code, § 84-924. This section is applicable to a physican in administering X-ray treatments. The standard prescribed by the Code section, when applied to the facts and circumstances of any particular case, must be taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally. The true rule is that the skill prescribed by the Code is not such as is ordinarily employed by the profession in the particular locality or community; but. the jury may, in determining what is reasonable care and skill under the circumstances, consider the degree of care and skill practiced by the profession generally in the locality or community. *Kuttner* v. *Swanson,* 59 *Ga. App.* 818 (2 S. E. 2d, 230), citing *Fincher* v. *Davis,* 27 *Ga. App.* 494 (108 S. E. 905); *McLendon* v. *Daniel,* 37 *Ga. App.* 524, 528 (141 S. E. 77); *Hughes* v. *Weaver,* 39 *Ga. App.* 597 (148 S. E. 12); *Radcliffe* v. *Maddox,* 45 *Ga. App.* 676, 680 (165 S. E. 841); *Pace* v. *Cochran,* 144 *Ga.* 261 (86 S. E. 934).

The defendant made only one X-ray picture of the plaintiff's spine, although he suspected that she might have a fractured vertebra. Another picture from another view would doubtless have disclosed the fracture as suspected by the defendant. Another picture three-and-one-half months later, made from a side view, did show the fracture, and there was no evidence indicating that it was not equally discoverable when the defendant made the first picture. Dr. Starr's testimony, while tending generally and substantially to exonerate the defendant, did not show that the defendant, in diagnosing the plaintiff's condition, adopted the methods ordinarily employed by the profession generally. His testimony was very largely based on his personal experience and on methods and treatments he had used himself. It is a question of fact for the jury to determine what is reasonable care and skill, where there is

any evidence tending to sustain the plaintiff's action. As stated by Judge Bleckley in *Vickers* v. *A. & W. P. R. Co.*, 64 *Ga.* 306: "Nonsuit is a process of legal mechanics; the case is chopped off. Only in a clear gross case is this mechanical treatment proper. Where there is any doubt another method is to be used—a method involving a sort of mental chemistry; and the chemists of the law are the jury. They are supposed to be able to examine every molecule of the evidence, and to feel every shock and tremor of its probative force." We therefore conclude that there was some evidence which tended to support the plaintiff's contentions, and from which the jury could have fairly inferred a state of facts favorable to the plaintiff, and that the court erred in withholding the case from the jury, and in granting a nonsuit.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*