## 33450. SMITH *v.* STOVALL.

WORRILL, J. 1. "A landlord is liable to one lawfully present on the rented premises, by invitation of the tenant, for injuries arising from defective construction, or from failure to keep the premises in repair, where the defect is known to the landlord or in the exercise of reasonable diligence could have been known, and the injured person was himself in the exercise of due care." *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578). A petition alleging that the defendant was the owner of certain described premises, a part of which she occupied herself and a part of which she rented to a third party, as her tenant; that both the defendant and her tenant used ceratin front doorsteps on the premises and that defendant knew of the unsafe condition of said steps or could have known of such condition by the exercise of ordinary care; that said tenant had informed the defendant more than two months prior to the date of the injuries complained of "that the front doorsteps at the aforesaid premises were in bad repair, unsafe and should be repaired, at once"; that the defendant ignored said notice and failed to make repairs to said front doorsteps; that thereafter, on a certain date plaintiff, at the invitation and request of the tenant, walked up the said front doorsteps for the purpose of entering the home of the said tenant; that because of the disrepair and unsafe condition of said steps, they gave way and caused petitioner to fall heavily; that as a result of said fall petitioner sustained certain described injuries, for which she sued; that petitioner had no notice of the unsafe condition of the said steps and could not have by the exercise of ordinary care discovered their condition; and that the failure of the defendant landlord to keep the premises in a safe condition was the sole and proximate cause of petitioner's injuries and damages, stated a cause of action, and the trial court did not err in overruling the general demurrer to the petition.

2. "Where the landlord retains a qualified possession of the rented premises, himself attending to the supervision of the building, collecting the rents, and personally or by an agent making repairs, he is liable for an injury resulting from a defective condition of the building, if he has actual notice of such defective condition, or if, in the' exercise of ordinary and reasonable care and diligence, he ought to have known of it. *Monahan* v. *National Realty Co.,'* supra [4 *Ga. App.* 680, 62 S. E. 127]; *Davis* v. *Hall,* 21 *Ga. App.* 268 (94 S. E. 274)." *Marr* v. *Dieter,* 27 *Ga. App.* 711(2) (109 S. E. 532). The petition alleging that the landlord occupied a portion of the premises herself, and used the defective front doorsteps, sufficiently alleged actual or constructive knowledge of the defective condition by the defendant independently of any oral or written notice by the tenant, and it was, in this respect, and without regard to the allegations of notice by the tenant, sufficient as against a general demurrer.

3. That the tenant, at whose invitation the plaintiff went upon the premises, knew of the defective and unsafe condition of the steps constitutes no defense to an action by the guest against the landlord, where it is

104

not shown that the guest had actual or constructive knowledge of the unsafe condition herself. Such knowledge of the tenant is not imputable to the guest, and where the petition shows that the guest was in the exercise of ordinary care for her own safety, it was not subject to demurrer for that reason. *Crook* v. *Foster,* 142 *Ga.* 715(2) (83 S. E. 670).

4. The ground of special demurrer attacking the allegations of the petition respecting notice to the defendant of the unsafe condition of the steps on the ground that such allegations failed to state definitely when said advice was given defendant and whether it was given orally or in writing, and further on the ground that the allegations respecting the condition of the steps amounted to a conclusion of the pleader, is without merit since the petition shows that the defendant had notice of such condition for such a length of time as would authorize a jury to find that he had had an opportunity to make the repairs. Petitioner is not required to plead her evidence, and need show in her pleadings only generally that the steps were in such a state of disrepair as to cause them to give way and cause her to fall and sustain the injuries sued for.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED JUNE 9, 1951.

*Clarence D. Stewart,* for plaintiff in error.
*Marvin O'Neal Jr., E. H. Stanford,* contra.