34407. REESE *v.* BICE *et al.*

DECIDED JANUARY 31, 1953.

*John M. Morrow,* for plaintiff in error.

*Boykin & Boykin,* contra.

TOWNSEND, J. A constable who seizes the property of another under a void process issued by a court without jurisdiction, or makes such seizure without benefit of any process at all, is a trespasser and may be sued for damage resulting to the property from his illegal act. *Hamer* v. *White,* 110 *Ga.* 300 (2) (34 S. E. 1001); *Minhinnett* v. *Jackson,* 45 *Ga. App.* 207 (3) (164 S. E. 96); Code, §105-1703. As stated in *Fulton Grocery Co.* v. *Maddox,* 111 *Ga.* 260, 265 (36 S. E. 647): "Where property of a person against whom no process has ever issued is seized, such seizure, followed by actual damages to the owner of the property, will give a right of action."

According to the plaintiff's evidence, Ellis, transferee of a mortgage on the plaintiff's truck, turned the mortgage over to Bice, Ellis and Bice being residents of Paulding County from which the plaintiff had recently moved, taking the truck with him; Bice had just been appointed to his position, was under the impression that he had to "serve" the mortgage on the plaintiff, then a resident of Carroll County, and, not knowing how to go about it, requested the other defendant, also a resident of Carroll County, to go down with him to advise him

on the proper method of "serving the paper." Bice and Cole found the truck in the plaintiff's yard and informed him that they had an attachment for it. The plaintiff offered to give bond, according to the plaintiff's testimony, but "Mr. Cole told me they wouldn't do that, it would just cost more money. They took the truck back with them, and I told them I would come after it. . . Mr. Bice drove the truck off. Mr. Cole told Mr. Bice to drive the truck back. . . Mr. Cole there told me what he wanted. He told me he had an attachment on my truck, and I offered to give bond and he said it would cost me more money to do that and he would just take the truck. . . They told me they were constables when they came there, both of them. That is the reason I turned the truck over to them; they told me they were bailiffs. . . It would not run at first and I bought some gas and put in it and got it to running. I paid for the gas; I turned [the] truck over to Mr. Bice in his care. I consented for him to take it back, I told him to take care of it. That is right, I turned it over to him. I turned it over to him under pressure, because they was bailiffs, both of them. You couldn't resist and didn't try to, no, sir, and on the strength of that statement I turned it over to them under pressure. . . I turned the truck over to them because they did not want me to give bond for it. I turned it over to them, and he [Cole] told Mr. Bice to drive it."

The above-quoted testimony represents the view of the case most favorable to the plaintiff, that being the evidence to be considered by the reviewing court in determining whether the grant of the nonsuit was error. *Highsmith* v. *National Linen Service Corp.*, 63 *Ga. App.* 112 (10 S. E. 2d, 237). So construed, it appears that the resident defendant, Cole, although merely as an accommodation to Bice, accompanied the latter to the plaintiff's house to "serve" a document which was not such an instrument as would give either defendant authority to take the plaintiff's truck; that he nevertheless told the plaintiff he had an attachment for the truck, which was untrue; that he did not correct this statement when the plaintiff offered to put up bond, but discouraged him by saying that that was only an unnecessary expense, and, by so doing, persuaded the defendant to turn the truck over peaceably, after which he instructed

Bice, who had originally sought his advice in the matter, to drive it back to Paulding County. As we have seen above, an officer who attempts an illegal seizure without warrant or process of any kind is a mere trespasser. Accordingly, he cannot defend on the ground that the opposite party peaceably surrendered the object to him, believing his representations that he was acting as an officer of court although he was not in fact doing so. Both constables, under the plaintiff's testimony, were acting under color of office, that is, "a pretense of official right to do an act, made by one who has no such right." *Citizens Bank of Colquitt* v. *American Surety Co. of N. Y.*, 174 *Ga.* 852 (164 S. E. 817). As to the liability of officers acting *colore officii* generally, see *Goforth* v. *Fidelity & Casualty Co. of N. Y.*, 80 *Ga. App.* 121 (55 S. E. 2d, 656). Further, as against the contention of the defendants in error that any wrongful acts committed were those of Bice alone, it is held in *Belt* v. *Western Union Telegraph Co.*, 63 *Ga. App.* 469, 471 (11 S. E. 2d, 509): "One who procures or assists in the commission of a trespass is liable with the actual perpetrator for the damages which the owner of the property sustains thereby; and a joint action may be maintained against the party who did the act and the one who directed or assisted in its commission."

A motion for nonsuit presents only the question of whether the plaintiff has proved his case substantially as laid, and where, under the most favorable construction, a prima facie case has been made out, the grant of a nonsuit is error. *Henry* v. *Roberts*, 140 *Ga.* 477 (79 S. E. 115); *Box* v. *Atlantic & B. R. Co.*, 120 *Ga.* 1050 (48 S. E. 427).

The trial court erred in granting a nonsuit and dismissing the plaintiff's case.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*