38134. REEVES *v.* MADRAY.

DECIDED MARCH 18, 1960.

302

*Adams & Mattox, Ronald F. Adams,* for plaintiff in error.
*Thomas, Howard & Moran, Joe Thomas,* contra.

CARLISLE, Judge. "The only question is whether the evidence was sufficient to withstand a nonsuit. In deciding that question we must construe the evidence most strongly in favor of the plaintiff. *Highsmith* v. *National Linen Service Corp.,* 63 *Ga. App.* 112 (10 S. E. 2d 237) ; *Watkins* v. *Dalton Coca-Cola Bottling Co.,* 66 *Ga. App.* 848 (19 S. E. 2d 316) ; *National Land & Coal Co.* v. *Zugar,* 171 *Ga.* 228 (2) (155 S. E. 7). A motion for nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's action, or when the jury can fairly infer from the evidence a state of facts favorable to the plaintiff. *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 135 (107 S. E. 623) ; *Gresham* v. *Stewart,* 31 *Ga. App.* 25, 27 (119 S. E. 445) ; *Starr* v. *Greenwood,* 48 *Ga. App.* 535, 540 (173 S. E. 243) ; *Hawkins* v. *National Surety Corp.,* 63 *Ga. App.* 367, 372 (11 S. E. 2d 250) ; *East & West R. Co.* v. *Sims,* 80 *Ga.* 807 (2) (6 S. E. 595) ; *Ste-*

*phens* v. *Stephens,* 168 *Ga.* 630, 645 (148 S. E. 522). The jury may, from facts proved, and sometimes from the absence of counter-evidence, infer the existence of other facts reasonably and logically consequent on those proved. Code § 38-123." *Mason* v. *Hall,* 72 *Ga. App.* 867, 873, 874 (35 S. E. 2d 478). "A nonsuit shall not be granted merely because the court would not allow a verdict for the plaintiff to stand; . . ." Code § 110-310. "Where a court passes upon a motion for a nonsuit it decides only one question, that is, do the allegation and the proof correspond? In sustaining such a motion the court does not hold that the plaintiff is not entitled, under the law, to recover on the facts alleged; neither does the overruling of the motion decide that the plaintiff is entitled under the law to recover. The right to recover under the facts alleged is not involved in the decision of such a motion. If a plaintiff 'proves his case as laid,' he is entitled to prevail as against a nonsuit; but it by no means follows from this that he is entitled to recover on the facts 'as laid.' Merely proving a fact will not in law authorize a recovery unless the existence of the fact proved gives a legal cause of action." *Kelly* v. *Strouse & Bros.,* 116 *Ga.* 872, 883 (43 S. E. 280). The rule as generally stated is that the defendant is not entitled to a nonsuit where the plaintiff has proved his case as laid without at the same time disproving his right to recover by establishing the existence of other undisputed facts which show that he is not entitled to a verdict. *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d 17), and cits. Where, as in this case, however, the general demurrer has been overruled, that judgment, being unexcepted to, has become the law of the case that the plaintiff's petition sets forth a cause of action. *Yarbrough* v. *Cantex Mfg. Co.,* 97 *Ga. App.* 438, 442 (103 S. E. 2d 138).

Applying the foregoing rules to the case made by the plaintiff's evidence as compared with the allegations of the plaintiff's petition it is readily apparent from the facts stated above that the plaintiff substantially proved her case as laid. Whether or not she was guilty of such contributory negligence as would bar her recovery was clearly a jury question which ought not to have been decided by the grant of a nonsuit. *Camp* v. *Curry-Arrington Co.,* 41 *Ga. App.* 53, 57 (151 S. E. 837); *Hadaway* v. *South-*

*ern Ry. Co.*, 41 *Ga. App.* 669 (154 S. E. 296). The plaintiff, being an employee of the defendant's tenant, stood in the tenant's shoes (*Waddell* v. *Wofford Oil Co.*, 84 *Ga. App.* 617 (2), 66 S. E. 2d 806), and the evidence did not demand a finding that she was guilty of such contributory negligence in using the portion of the premises where the work and repairs had been made as would bar a recovery since she testified that she had no actual or constructive knowledge of the condition creating a hazard to her in using the premises. *Smith* v. *Stovall*, 84 *Ga. App.* 103 (3) (65 S. E. 2d 640).

It follows that the trial judge erred in granting a nonsuit.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*